UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| KEITH WRUCK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CANYON COUNTY SHERIFF DEPARTMENT; GEM COUNTY SHERIFF DEPARTMENT; BUREAU OF LAND MANAGEMENT; BISHES RV; and DAWN HOLBERT,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00207-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before this Court are the Government's[1] Motion to Dismiss (Dkt. 2) and Canyon County Sheriff Department's Motion to Dismiss (Dkt. 14). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court grants the Government's motion to dismiss and remands the remaining claims to state court.

## I.    BACKGROUND

On February 26, 2025, Plaintiff Keith Wruck received a call from an agent of the Bureau of Land Management (BLM), informing him that a Recreational Vehicle (RV) listed in the Idaho

---

[1]    The Government is the real party in interest with respect to Keith Wruck's claims against the Bureau of Land Management and has filed on the BLM's behalf (Dkt. 2-1 at 1).

**MEMORANDUM DECISION AND ORDER - 1**

Public Safety and Security Information System (ILETS) as owned by him had been abandoned in rural Gem County, Idaho (Dkt. 1-1 at 2).

Wruck bought the RV from Bishes RV in 2013 and gifted it to Defendant Dawn Holbert in 2022 (Dkt. 1-1 at 4-5, 6, Dkt.7 at 6). Although Wruck filed a Release of Liability for the RV with the Idaho Department of Transportation (*id.*), ILETS still listed him at the owner (Dkt. 7 at 11).

Despite Wruck's disavowment of ownership of the RV, the BLM agent told Wruck that the RV must be moved that day, as "[i]t has 4 tires" and was ready to move (Dkt. 1-1 at 2). Wruck experienced great difficulty moving the RV due to mud, flat tires, and difficulty hitching (*id.*). Although he did get it moving, after less than fifteen miles the RV's tires were lost and the rims were shredded; to Wruck the RV became immovable (*id.*). On February 28, 2025, after failed attempts to acquire new tires and new rims, Wruck hired B & W Towing in a rush job to tow the RV to a landfill for $1,035 (*id.* at 3).

On March 7, 2025, Wruck, who is not represented by counsel and proceeding pro se, brought the underlying action in the District Court of the Third Judicial District of the State of Idaho in and for the County of Canyon (Dkt. 1-1 at 1). The case was then referred to that court's Small Claims Department (Dkt 1-2). Because the action was filed in a small claims court, the claims are not specifically alleged. *See* Idaho Code § 1-2305 (providing claim brought in small claims must contain names of parties and brief statement of the "nature and amount of the claim and the time the claim accrued"). Liberally construing Wruck's complaint, it appears he alleges the following claims: a Federal Tort Claims Act (FTCA) claim against the BLM; an Idaho Tort Claims Act (ITCA) claim against the Canyon County Sheriff Department and the Gem County Sheriff Department; a state law contribution claim against Holbert; and a state law negligence

**MEMORANDUM DECISION AND ORDER - 2**

claim against Bishes RV[2] (Dkt. 1-1 at 1–3). In total, Wruck seeks a total of $1,791.75 in damages, including the $1,035 for towing and $756.75 for other related costs of "disposal," "lost wages," "lunches out," "legal fees," and "gas" (*id.* at 3).

On April 11, 2025, the Government filed a Notice of Removal to the United States District Court for the District of Idaho within the required thirty days of receiving notice under 28 U.S.C. § 1442(a)(1) (Dkt. 1 at 3). The Government and the Canyon County Sheriff Department both filed motions to dismiss (Dkts. 2, 14). Because the Court grants the Government's motion to dismiss and declines to exercise supplemental jurisdiction over the remaining claims, the Canyon County Sheriff Department's motion to dismiss is moot.

## II.    LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move to dismiss a complaint if subject matter jurisdiction does not exist. When deciding a Rule 12(b)(1) motion to dismiss, the Court takes the allegations in the plaintiff's complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), *overruled on other grounds by Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2024). The burden of proof of the presence of jurisdiction, however, lies with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Under § 1442(a)(1), if a civil action against the United States, or any agency or officer thereof, is filed in state court, then the action may be removed to federal court. "[T]he right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under

---

[2]     It is unclear how Bishes RV's purported failure to file the lien release paperwork with the Idaho Department of Transportation (Dkt. 1-1 at 2) relates to the instant action. Because all federal claims will be dismissed and supplemental jurisdiction will not be exercised, the Court will not address whether this claim was properly brought.

color' of federal office." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). In an action removed under § 1442(a)(2), the federal court's jurisdiction must mirror the jurisdiction that the state had prior to removal; where "the state court lacks jurisdiction of the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *See Arizona v. Manypenny*, 451 U.S. 232, 242 & n.17 (1981) ("[I]nvocation of removal jurisdiction by a federal officer . . . is a purely derivative form of jurisdiction, neither enlarging nor contracting the rights of the parties."). The existence of federal jurisdiction is tested at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064-65 (9th Cir. 1979).

"Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Proper adjudication of pro se claims relieves "pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Id.*

## III.   ANALYSIS

Sovereign immunity grants sovereign entities, like the Government and its agencies, immunity from actions filed against them. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). This sovereign immunity applies unless the Government has expressly elected to waive it. *Id.*

The FTCA, 28 U.S.C. § 1346, is one such waiver. Section 1346(b) waives, among other things, sovereign immunity "for certain torts committed by federal employees" if a private person "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Smith v. United States*, 507 U.S. 197, 201 (1993) (quoting § 1346(b)). Congress

mandated a prerequisite to this waiver in § 1346(b), allowing these actions to proceed exclusively in federal district courts. Thus, issues of sovereign immunity usually boil down to questions of jurisdiction: whether the action at issue is properly in front of the court. *Meyer*, 510 U.S. at 475. "Because the requirement is jurisdictional, 'it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)).

The Government has moved to dismiss for lack of jurisdiction on two bases: (1) a failure to exhaust all administrative remedies, and (2) lack of derivative jurisdiction. The Court addresses both in turn.

### A.      Exhaustion of Administrative Remedies

The Government argues that Wruck has not "submitted to BLM [a Standard Form 95 (SF-95)] or other written notification of an incident accompanied by a claim for money damages" (Dkt. 2-1 at 5). This lack of submission, the Government alleges, constitutes a failure to exhaust administrative remedies and bars Wruck from asserting subject matter jurisdiction (*id.*). Wruck denies that filing an SF-95 would have been proper (Dkt. 7 at 4). After questioning "how much each of the 5 defendants involved should pay," he asserts that the ambiguity of partitioning the damages between the five Defendants means the "SF-95 would have been denied" anyway (*id.*). On this basis, Wruck states that "[j]udicial [i]ntervention is the only logical remedy" (*id.*). Wruck misunderstands the procedural requirements of an FTCA claim.

The FTCA contains a "clear statutory command" in 28 U.S.C. § 2675(a), requiring that the "claimant shall have first presented the claim to the appropriate Federal agency," thus giving the agency the opportunity to adjudicate the claim. The Court can exercise jurisdiction only once

claimant has filed the claim with the alleged offending agency, *and* the agency has denied the claim. *Valadez-Lopez*, 656 F.3d at 855 (citing § 2675(a)). This exhaustion of administrative remedies is required prior to filing a civil action. *Id.* "The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'" *Brady*, 211 F.3d at 503 (quoting *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992)). A failure to exhaust administrative remedies is grounds for dismissal for lack of subject matter jurisdiction. *Brady*, 211 F.3d at 502-03.

To execute his claim, Wruck would have had to file an SF-95 with the BLM. Wruck, however, has alleged no facts suggesting he has attempted to exhaust administrative remedies. Rather, Wruck concedes the absence of a filing by justifying his lack of filing as illogical (Dkt. 7 at 4). Regardless of Wruck's reservations about his likelihood for success after filing an SF-95 and his desire for judicial intervention to resolve ambiguity, he was required to exhaust this opportunity for administrative remedy to avail himself of judicial remedies.

Relief from strict application of procedural rules for pro se plaintiffs does not relieve Wruck of this jurisdictional requirement. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (holding an FTCA claim jurisdictionally cannot survive in district court unless the administrative exhaustion requirement has been met, despite a potentially harsh result upon the plaintiff). Because Wruck neither filed for relief with the BLM nor had his claim denied, he failed to exhaust his administrative remedies, and this Court lacks subject matter jurisdiction over his claim against the BLM.

MEMORANDUM DECISION AND ORDER - 6

**B.      Lack of Derivative Jurisdiction**

An independent, alternative basis to grant the Government's motion to dismiss is that the Court cannot exercise jurisdiction because of a lack of derivative jurisdiction. The doctrine of derivative jurisdiction establishes that when an action is removed from state court to federal court, if that state court lacked subject matter jurisdiction, then the federal court lacks it as well. *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) (citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)). This doctrine applies regardless of whether the federal court would have had jurisdiction if the lawsuit had been originally filed there. *FBI v. Super. Ct. of Cal.*, 507 F. Supp. 2d 1082, 1090 (N.D. Cal. 2007) (citing *Beeman v. Olson*, 828 F.2d 620, 621 (9th Cir. 1987)). Thus, if the Third Judicial District of the State of Idaho lacked original jurisdiction over Wruck's lawsuit, then this Court also lacks jurisdiction.

The Government asserts this Court lacks subject matter jurisdiction under the doctrine of derivative jurisdiction because the Government has not "waived the sovereign immunity of its agencies" for lawsuits originating in state court (Dkt. 2-1 at 4). It further argues that the federal courts have "exclusive jurisdiction" over all FTCA claims (*id.*). Thus, according to the Government, because the state court lacked jurisdiction over the initial action, the federal court does too (*id.*). Wruck, however, argues that Congress has eliminated the doctrine of derivative jurisdiction, stating "Federal court is the best option" for the adjudication of this case (Dkt. 7 at 3). Wruck misunderstands the applicable law. As the Government correctly asserts, while the doctrine of derivative jurisdiction was eliminated as it pertains to § 1441 by § 1441(f), the doctrine is indeed "alive and well" as it pertains to § 1442(a) (Dkt. 2-1 at 4); *see Cox v. U.S. Dep't of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015).

**MEMORANDUM DECISION AND ORDER - 7**

Federal district courts have exclusive original jurisdiction over FTCA actions through 1346(b)(1). *See United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (recognizing that "the district courts shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages based on tort") (citation modified) (quoting § 1346(b)(1)). Because federal district courts have exclusive jurisdiction over FTCA claims, state courts cannot have subject matter jurisdiction over FTCA claims. Under the doctrine of derivative jurisdiction, this Court's jurisdiction must derive from the jurisdiction of the originating court; if the originating court could not exercise jurisdiction, neither can this Court. *Cox*, 800 F.3d at 1031.

Because federal district courts have exclusive original jurisdiction over FTCA claims, the originating court—a small claims court in Canyon County, Idaho—could not exercise original jurisdiction over Wruck's claim against the BLM. For this reason, the Court cannot derive subject matter jurisdiction over the claim asserted against the BLM. The Court thus grants the Government's motion to dismiss for a lack of subject matter jurisdiction.

## C.    Declination of Supplemental Jurisdiction

Because the Court grants the Government's motion to dismiss, all federal claims are dismissed. Thus, the only avenue for subject matter jurisdiction over the remaining state-law-based claims is through supplemental jurisdiction. Supplemental jurisdiction confers the authority of a federal court to hear additional state-law claims that are closely related to a claim that is within the Court's original jurisdiction. 28 U.S.C. § 1367(a). Under § 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction," then the court "may decline to exercise supplemental jurisdiction" over the remaining claims. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (holding a "district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining") (citing *Carnegie-*

MEMORANDUM DECISION AND ORDER - 8

*Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Because this Court has dismissed the only federal claim—Wruck's FTCA claim against the BLM—the Court declines to exercise supplemental jurisdiction over the remaining claims and remands them to Idaho state court. Thus, the Canyon County Sheriff Department's motion to dismiss is denied as moot.

## IV.    ORDER

**IT IS ORDERED that:**

1.    The United States of America's Motion to Dismiss (Dkt. 2) is **GRANTED**.

2.    The Canyon County Sheriff Department's Motion to Dismiss (Dkt. 14) is **DENIED** as moot.

3.    The Court dismisses the claims by Plaintiff Keith Wruck against Defendant Bureau of Land Management; and

4.    The Court remands the remaining claims against Defendants Canyon County Sheriff Department, Gem County Sheriff Department, Bishes RV, and Dawn Holbert to the District Court of the Third Judicial District of the State of Idaho in and for the County of Canyon.

DATED: March 23, 2026

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**